IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| NOAH F. CORBITT, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: CV513-108 |
| MARTY ALLEN, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Noah Corbitt ("Corbitt"), who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Atkinson County, Georgia, Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Corbitt filed a Response. Corbitt filed a Motion for Summary Judgment, to which Respondent filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Corbitt's petition should be **DISMISSED**. Corbitt's Motion for Summary Judgment should be **DISMISSED**, as moot.

## STATEMENT OF THE CASE

Corbitt was convicted, after a jury trial, in the Atkinson County Superior Court of rape, incest, and child molestation. He was sentenced to 40 years' imprisonment. (Doc. No. 1, p. 1). Corbitt's convictions and sentences were affirmed on direct appeal. Corbitt v. State, 301 Ga. App. 665, 688 S.E.2d 642 (2009). Corbitt filed a petition for writ of certiorari, which the Georgia Supreme Court denied.

Corbitt filed a state habeas corpus petition in the Lowndes County Superior Court. Corbitt asserted: 1) he did not have the assistance of a public defender during critical stages of his case; 2) five (5) court terms passed without a continuance being requested or granted; 3) he received the trial transcripts more than 17 months after his convictions; 4) there is no paperwork which reveals why his trial did not begin on November 4, 2002; 5) officers tried to get him to confess under false pretenses; 6) his 13 witnesses were not subpoenaed; 7) there was no lab report corroborating the prosecutor's statements regarding seminal fluid; 8) his case was not investigated properly; 9) the prosecutor did not provide notice of all of his witnesses; 10) his attorney signed a stipulation without his knowledge or consent; 11) his counsel was ineffective in a number of ways; and 12) his attorney abandoned his appeal without notifying him. (Doc. No. 16-1, pp. 4–7). An evidentiary hearing was conducted on August 16, 2012, and, as of the date Respondent filed his Motion to Dismiss, a final order had not been entered. (Doc. No. 12-1, p. 3).

In this petition, Corbitt sets forth essentially the same grounds as he did in his state habeas corpus petition. (Doc. No. 1, pp. 11–19). Respondent alleges that Corbitt's petition should be dismissed because he did not exhaust his state court

AO 72A
(Rev. 8/82)

remedies before filing his § 2254 petition. Respondent also alleges that Corbitt's petition should be dismissed, as it is untimely.

## DISCUSSION AND CITATION TO AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust

3

all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Corbitt filed his state habeas corpus application in the Superior Court of Lowndes County on November 14, 2011, and an evidentiary hearing was held on August 16, 2012. Based on Respondent's representation in this case, a final order had not been entered as of the date Respondent filed his Motion to Dismiss. Corbitt executed this section 2254 petition on August 16, 2013, and placed it in the prison mail system on September 26, 2013. (Doc. No. 1, p. 23). It is evident that Corbitt did not fully exhaust his state court remedies before he filed this section 2254. Corbitt presents nothing

4

which indicates that the State corrective process is absent or ineffective, nor has he shown that the state habeas corpus court's delay is unreasonable. See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 680 (11th Cir. 1985) (noting that the exhaustion of state remedies may be excused in a situation where there has been "unreasonable, unexplained delays in acting on a petitioner's motion for state relief."). Corbitt filed his § 2254 petition 13 months after the state habeas corpus court conducted an evidentiary hearing, and has not shown that the state court has unreasonably delayed in ruling on his petition to excuse the exhaustion requirement. See id. (finding a three and one half year delay in the state courts insufficient to excuse exhaustion); cf. Cail v. Smith, CV605-41, 2006 WL 566106, at *4 (S.D. Ga. March 6, 2006) (finding a nine-year plus "standstill" in the petitioner's state case an inappropriate basis upon which to grant the motion to dismiss for failure to exhaust state remedies). In addition, Corbitt has the ability to file a motion for writ of mandamus with the Georgia Supreme Court to compel the trial court judge to rule on his state habeas corpus petition. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). Therefore, this Court will not entertain Corbitt's petition.

It is unnecessary to address the alternative ground of dismissal set forth in Respondent's Motion.[1]

---

[1] Corbitt's petition may very well be barred as untimely. However, the undersigned will not address the validity of Respondent's contention because Corbitt has failed to exhaust his state court remedies, which may render this Court without the authority to determine whether Corbitt's petition was filed untimely.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Corbitt's petition for writ of habeas corpus be **DISMISSED**, without prejudice, as Corbitt has not completed the exhaustion process. It is my further **RECOMMENDATION** that Corbitt's Motion for Summary Judgment be **DISMISSED**, as moot.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)